**FIRST-CENTRAL TRUST CO v DUNN, Etc et**

Ohio Appeals, 9th Dist, Summit Co

No 2645.   Decided July 5, 1935

Waters, Andress, Wise, Roetzel & Maxon, Akron, for plaintiff in error.

Brouse, Englebeck, McDowell, May & Bierce, Akron, for defendant in error George H. Dunn, as Executor, etc.

William A. Walsh, Akron, for defendant in error St. Thomas Hospital.

NICHOLS, J, (7th Dist) sitting in place of WASHBURN, J.

## OPINION

PER CURIAM

Error is prosecuted to this court direct from the finding and judgment of the Probate Court in denying the application of said The First-Central Trust Co. to be appointed coexecutor of said will.

The finding of the Probate Court (denying the appointment of The First-Central Trust Co. as coexecutor of said will) was made and entered on the 29th day of April, 1935. On the 30th day of April, 1935, said The First-Central Trust Co. filed its request in writing in said Probate Court to have said court separately state and find the facts, and the conclusions of law based thereon. The Probate Court denied this request, on the ground that all of the facts submitted to said court on the hearing of said application were agreed upon in writing by the parties, and for the further reason that said request was not seasonably made. In these conclusions of the Probate Court we find no error.

In considering the question of the right of The First-Central Trust Co. to be appointed as coexecutor in this case, it must be recognized that the right to make a will is one arising by virtue of legislative enactment, and it must be further recognized that both The Central Depositors Bank & Trust Co. and The First-Central Trust Co. are corporations organized under the corporate laws of the state of Ohio and have their existence solely by virtue of the statutory provisions with reference thereto.

Sec 710-88, GC, provides that when a bank organized and existing under the laws of Ohio, transfers its assets and liabilities to another bank organized under the laws of Ohio, such transferee bank shall be deemed a continuation of the entity and of the identity of the transferor bank, and it therefore follows that The First-Central Trust Co. is the same legal entity as The Central Depositors Bank & Trust Co., and is the same entity named as coexecutor under the third codicil to the last will and testament of Ellen Roche, deceased, and was entitled to appointment as such if, in the judicial discretion of the Probate Court, it was considered by that court to be competent to act.

By its finding, the Probate Court refused the appointment of The First-Central Trust Co. as such coexecutor, and, in the absence of any showing that the Probate Court abused its judicial discretion, we must as-

sume that the court properly exercised such judicial discretion, and that its finding is not contrary to law.

Moreover, it seems apparent that the Probate Court did not abuse its judicial discretion in denying this appointment, for the reason, as shown by the agreed statement of facts, that The First-Central Trust Co. is both a creditor and a debtor of the estate of testatrix, and accordingly said trust company, if appointed an executor, would occupy inconsistent positions with reference to said estate.

The record herein failing to disclose any evidence of abuse of discretion on the part of the Probate Court, the finding of the Probate Court, denying to The First-Central Trust Co. the appointment to act as coexecutor of the last will and testament, and the codicils thereto, of Ellen Roche, deceased, is affirmed, with exceptions to plaintiff in error.

Judgment affirmed.

FUNK, PJ, STEVENS and NICHOLS, JJ, concur in judgment.